Filed 04/11/24

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01312

---

Tony Dwyer v Amy Jacobs

---

## PRELIMINARY ENTRY ORDER

Petitioner Dwyer has filed a habeas corpus petition seeking relief concerning the hold without bail condition imposed on him in his pre-trial detention. Following a preliminary hearing on April 11, 2024, the Court understands the following facts:

Dwyer was originally arrested and detained pursuant to charges filed in *State v. Dwyer*, 23-CR-12637. Dwyer was arraigned on these charges on January 3, 2024, probable cause was found, and Dwyer was ordered held without bail pursuant to 13 V.S.A. § 7554. The State filed an amended information on February 26, 2024, which included several new charges and a modification to the original charge under 13 V.S.A. § 3252(a) on which the hold without bail condition appears to have been premised.

Dwyer has not been arraigned on the new and modified charges. The limited record and representation of Defense Counsel and State's Attorney indicate that the arraignment was initially held-off pending completion of the initial deposition of the putative victim and scheduled to be held concurrently with the bail review hearing on the initial charges. For reasons both within and beyond Dwyer's control, the deposition of the putative victim and the subsequent bail review hearing have not occurred and have been postponed.

Dwyer now seeks the arraignment afforded under V.R.Cr.P. 5(g), which will necessarily include a review of his conditions of release.

Whatever delays may be associated with the bail review hearing, they do not extend to or prevent Dwyer's arraignment. While the postponement of any arraignment based on timing with the bail review hearing had the parties' initial consent, this agreement now appears to have been withdrawn. The issue before this Court is whether the absence of an arraignment constitutes a

cessation of authority by the State over Dwyer's continuing custody with the State and whether the prior conditions of release can continue in light of the new and modified charges.

As *Shuttle v. Patrissi* indicates, the first remedy for Defendant lies with the criminal division of the Caledonia Superior Court. 158 Vt. 127, 131 (1992). But the remedy of habeas remains as a petition of last resort if an arraignment is due but not granted. Id. at 130–32

Therefore, the Court will refer this matter to the Caledonia Superior Court Criminal Division to have Dwyer arraigned on the February 26, 2024 charges. Once this arraignment is held, the Court will dismiss the present habeas petition.

If the arraignment is not conducted in a timely manner, the Court will invite the parties file a motion and supporting briefing on the ultimate issue of whether Dwyer is properly being held under a prior no bail order when those initial charges have been superseded and modified by a subsequent information. The Court Clerk shall cause a copy of this Order to be delivered to the Caledonia County Superior Court Criminal Division to bring this matter to that Division's attention and allow that Division to act.

**So Ordered.**

Electronically signed on 4/11/2024 3:58 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge